IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    5:18-CR- *244 (NAM)* |
| | ) | |
| **v.** | ) | **Indictment** |
| | ) | |
| **DONALD GEISS, JR. a/k/a DOM** | ) | Violations:    18 U.S.C. § 1343 |
| **GEISS,** | ) | [Wire Fraud] |
| | ) | 18 U.S.C. § 1028A(a)(1) |
| **Defendant.** | ) | [Aggravated Identity Theft] |
| | ) | |
| | ) | 5 Counts |
| | ) | |
| | ) | County of Offense:    Onondaga |

## THE GRAND JURY CHARGES:

1.     Beginning on or about August 1, 2016, and continuing through on or about May 22, 2017, defendant **DONALD GEISS, JR. a/k/a DOM GEISS** convinced an individual with initials B.S.G. that **GEISS** was a private equity investor seeking to make investments in central New York.  Based on defendant **GEISS**'s representations about various investment opportunities, and believing that he and **GEISS** were working toward and negotiating business transactions, B.S.G. gave cash totaling approximately $141,000 directly to **GEISS**, believing it to be a loan.  In fact, defendant **GEISS**'s representations about these purported business transactions were false and intended to defraud B.S.G.

2.     On or about July 27, 2017, defendant **GEISS**, using the alias "Dom Geiss," signed a notarized promissory note agreeing to pay B.S.G. a total of $141,000 over a period of seven months.  Defendant **GEISS** did not intend to pay this money back to B.S.G. and ultimately caused only a $5,000 lulling payment to be made to him (as described in paragraph 5 below).

3.     From on or about August 16, 2017, through and including on or about October 31, 2017, defendant **GEISS** convinced an individual with initials B.N. that **GEISS** was involving in selling

a computer algorithm to a well-known multinational finance and insurance corporation in New York City (hereinafter, the "insurance company"). Defendant **GEISS** offered B.N. a role in this purported business transaction. Based on defendant **GEISS**'s representations, and believing that he and **GEISS** were working toward a business transaction, B.N. drafted and created numerous contracts and agreements. In fact, defendant **GEISS**'s representations about this purported business transaction were false and intended to defraud B.N.

4.     From on or about August 28, 2017, through and including September 26, 2017, in order to persuade B.N. that he was actually involved with the insurance company in a business transaction, defendant **GEISS** drafted, forged, and transmitted numerous communications and documents, including electronic mail messages, text messages, and signed documents, purportedly from and by actual employees of the insurance company and provided these documents to B.N. In reality, these insurance company employees did not know or do business with defendant **GEISS**, and they did not give him permission to use their names or identities or to sign documents on their behalf.

5.     On or about August 23, 2017, defendant **GEISS** persuaded B.N. to send a wire transfer in the amount of $5,000 to B.S.G., falsely claiming to B.N. that it was necessary to facilitate the business transaction with the insurance company. In reality, defendant **GEISS** intended this wire transfer to lull B.S.G. into believing that **GEISS** would repay the purported loan described above in paragraph 2.

6.     On or about June 1, 2017, defendant **GEISS** convinced an individual with initials R.G. that **GEISS** was involved in the purchase of a business that, among other things, owned heavy equipment, and offered to sell some of that equipment to R.G. and to arrange for R.G. to use the purchased equipment to fulfill a valuable property maintenance contract. Based on defendant **GEISS**'s representations, and believing that **GEISS** had authority to sell the equipment, R.G.

2

entered into a sales contract with **GEISS** and paid him approximately $6,500. R.G. and Defendant **GEISS** also signed a services agreement laying out the property maintenance work R.G. was to perform in exchange for $950,000 over a twelve-month period. In fact, defendant **GEISS** had no authority to sell the equipment or to offer a property maintenance contract to R.G., and defendant **GEISS**'s representations were false and intended to defraud R.G.

7.     Between on or about September 9, 2017, and on or about September 21, 2017, defendant **GEISS** persuaded B.N. to transfer a total of $3,000 in two transactions to R.G. via PayPal, falsely claiming to B.N. that this was necessary to facilitate the business transaction with the insurance company. In reality, defendant **GEISS** used this wire transfer to lull R.G. into believing that his property maintenance contract would eventually go through.

## COUNTS 1-3
## [Wire Fraud]

### The Scheme

8.     The allegations set out in paragraphs 1-7 above are hereby incorporated by reference as if fully set forth here.

9.     From on or about August 1, 2016, through and including on or about October 31, 2017, in Onondaga County in the Northern District of New York, and elsewhere, the defendant,

### DONALD GEISS, JR. a/k/a DOM GEISS,

devised and intended to devise a scheme and artifice to defraud individuals with initials B.S.G., B.N., and R.G., and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

### Manner And Means

It was part of the scheme and artifice to defraud that:

10.    From on or about August 1, 2016, through and including on or about August 23, 2017, defendant **GEISS** relayed and provided inaccurate, misleading, and fraudulent information to B.S.G., B.N., and R.G. about fictitious and fraudulent business transactions, opportunities, and affiliations in order to induce B.S.G., B.N., and R.G. to make payments to defendant **GEISS** and others in reliance thereon.

11.    From on or about August 28, 2017, through and including September 26, 2017, defendant **GEISS** drafted, forged, and transmitted numerous communications and documents, including emails, text messages, and signed documents, purportedly from and by insurance company employees in order to induce B.N. to rely on defendant **GEISS**'s false and fraudulent representations and promises regarding fictitious and non-existent business transactions and opportunities.

12.    On or about each of the dates set forth below, in Onondaga County in the Northern District of New York, and elsewhere, defendant **GEISS**, for the purpose of executing the scheme and artifice described above, caused to be transmitted by means of wire communication in interstate commerce the following signals and sounds, that is, the electronic transfer of funds from Pennsylvania to individuals and accounts based and held in the Northern District of New York, each transmission constituting a separate count:

| Count | Date | Description | Amount of Funds Transfer | Origin | Destination |
|---|---|---|---|---|---|
| 1 | 08/23/17 | Wire Transfer | $5,000 | Royal Bank America account ending in 943 held by B.N. in Villanova, PA | NBT account ending in 3618 held by B.S.G. in Liverpool, NY |
| 2 | 9/9/17 | Electronic Transfer of Funds | $1,500 | Royal Bank America account ending in 943 held by B.N. in Villanova, PA | PayPal account held by R.G. in the Northern District of New York |

| Count | Date | Description | Amount of Funds Transfer | Origin | Destination |
|-------|------|-------------|--------------------------|--------|-------------|
| 3 | 9/21/17 | Electronic Transfer of Funds | $1,500 | Royal Bank America account ending in 943 held by B.N. in Villanova, PA | PayPal account held by R.G. in the Northern District of New York |

In violation of Title 18, United States Code, Section 1343.

## COUNT 4
### [Aggravated Identity Theft]

13.     On September 26, 2017, in the Northern District of New York, and elsewhere, the

defendant,

### DONALD GEISS, JR. a/k/a DOM GEISS,

did knowingly use, without lawful authority, a means of identification of another person during

and in relation to a felony violation of Title 18, United States Code, Section 1343, that is, defendant

**GEISS** used the name of an individual with the initials S.S. by forging an electronic mail message

that purported to come from S.S. and was addressed and sent directly to an individual with the

initials B.N. in furtherance of a wire fraud scheme as alleged above in paragraphs 1 through 11,

knowing that the means of identification belonged to another actual person, in violation of Title

18, United States Code, Section 1028A(a)(1).

## COUNT 5
### [Aggravated Identity Theft]

14.     On or about August 28, 2017, in the Northern District of New York, and elsewhere, the

defendant,

### DONALD GEISS, JR. a/k/a DOM GEISS,

did knowingly use, without lawful authority, a means of identification of another person during

and in relation to a felony violation of Title 18, United States Code, Section 1343, that is defendant

**GEISS** used the name of an individual with the initials A.B. by forging A.B.'s signature on Schedules A and B of a Services Agreement and then transmitting the signature pages to an individual with the initials B.N. in furtherance of a wire fraud scheme as alleged above in paragraphs 1 through 11, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

**FORFEITURE ALLEGATION**

The allegations contained in Counts One, Two and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts One, Two and Three of this Indictment, the defendant, **DONALD GEISS, JR. a/k/a DOM GEISS,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses. The property to be forfeited includes, but is not limited to, the following:

        (a)     A money judgment in the amount of $152,500.

**SUBSTITUTE ASSETS**

If any of the property described above, as a result of any act or omission of the defendant:

     a) cannot be located upon the exercise of due diligence;

     b) has been transferred or sold to, or deposited with, a third party;

     c) has been placed beyond the jurisdiction of the court;

     d) has been substantially diminished in value; or

6

e) has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

Dated:    August 9, 2018

A TRUE BILL,   **NAME REDACTED

_____
Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By:   _____

Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952