UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA
           vs.                                 5:18-CR-244(NAM)
DONALD GEISS, JR.,
                                      Defendant.
_____

## PRETRIAL DETENTION ORDER

Presently before the Court is the government's motion for pretrial detention of defendant DONALD GEISS, JR.  The defendant has been charged by indictment with three counts of Wire Fraud, in violation of 18 U.S.C. §1343, and two counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).  The filing of an indictment suffices to establish probable cause to believe the defendant has committed the charged offense.  *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).

The government has moved for detention primarily based on a perceived risk that the defendant presents a serious risk of flight.  A detention motion may be based on a "serious" risk that the defendant will flee under 18 U.S.C. § 3142(f)(1)(B).  To order detention on this ground, the Court must find the defendant presents a serious risk of flight and that no reasonable conditions could assure the defendant's presence at trial.  *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986), *cert. dismissed* 479 U.S. 978 (1986).  The Court must look to three factors to determine whether a risk of flight exists: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; and (3) the history and characteristics of the person, including his character, family and community ties, employment, criminal history, and record concerning appearances at court proceedings.  18 U.S.C. § 3142(g).  The government must establish these factors by a preponderance of the evidence.  *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.

1985); *United States v. Jackson*, 823 F.2d 4, 6 (2d Cir. 1987).

A detention hearing was conducted on August 17, 2018, and I ordered the defendant's detention indicating I would further outline my reasons in this written order. The government proceeded by proffer, and asked the Court to also consider the pending criminal indictment, the Pretrial Services Report, and information regarding witnesses and evidence in this case. Defendant also had the opportunity to present evidence, and noted no edits or corrections to the Pretrial Services Report. As noted, the factors for the Court to consider include the nature and characteristics of the offense charged; the history and characteristics of the defendant; and the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)). I conclude that the government has sustained its burden to prove, by a preponderance of the evidence, that the defendant presents a serious risk of flight, and that no conditions of release will adequately mitigate that risk. I will consider, in turn, the relevant factors, which support my findings and conclusions:

1. **The Nature and Characteristics of the Offense Charged**

Defendant has been charged by indictment with three counts of Wire Fraud, in violation of 18 U.S.C. §1343, and two counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). The indictment outlines, and the government described, an elaborate and complicated scheme defendant allegedly orchestrated to defraud three individuals of significant sums of money. The alleged victims included a successful and sophisticated businessman, a less sophisticated businessman, and another "white collar" convict who knew of defendant's prior convictions involving financial crimes. Defendant allegedly used aliases and false documents in the commission of the crimes charged.

2. **The History and Characteristics of the Defendant**

Defendant is married and currently lives with his wife in the Northern District of New

York, although they have had two periods of separation since his release from incarceration in 2015 when he lived with his father, and then his sister.  He has two children from his current marriage who live with him and his wife, along with his wife's older child from a previous relationship.  He also has two other children who reside with his former wife in the area.  He has a parent and siblings in the area.  However, he has been unemployed since November of 2017.  He does not own any real property or have any assets.  His lack of employment and assets, coupled with his sporadic unstable residence in the past two years, fail to demonstrate sufficient stability and reliability in the community.

Additionally, he has a previous conviction in the Northern District of New York Court for two felonies: Conspiracy to Launder Proceeds of Mail and Wire Fraud, and Tax Evasion.  The total amount in fraudulently received payments from a former employer where defendant was employed as the director of health and safety at the company was $1,671,552.90.  Defendant was incarcerated for over four years as a result of the conviction, and was on supervised release at the time of the acts alleged in the present indictment.  There is currently pending a petition in this Court for violations of this supervised release which involve other violations including failure to pay the restitution ordered, in addition to the present criminal charges.

Defendant has had some mental health counseling, but he does not appear to have any ongoing substance abuse issues.  He apparently had an alcohol problem prior to his incarceration, however, and he has a no alcohol condition as part of his supervised release.  Nevertheless, the Pretrial Services Report indicates that the defendant's wife noted he does drink two beers a few times a week.

### 3.    The Weight of the Evidence Against the Defendant

As noted, the defendant has been charged by indictment establishing probable cause to

believe he has committed the charged offenses.  The government proffered that the evidence supporting the charges consists of a trail of wire transfers, voluminous text and email records, signed documents, a promissory note, and bank checks.  The weight of the evidence appears to be very strong.

### 4.   Consideration of Conditions of Release

The Court has considered whether any conditions of release would reduce the defendant's risk of non-appearance to an acceptable level, and finds that no combination of conditions would do so.  In this case, the defendant's criminal history demonstrates a consistent unwillingness to comply with court orders.  He was on supervised release when the instant offenses, which involve the ability to use aliases and falsify documents, occurred.  His conduct evidences a significant disrespect for lawful authority.  Given the strength of the government's case, the defendant's lack of employment and assets, coupled with his sporadic unstable residence in the past two years, and his apparent history of disregard for Court orders, the Court finds that a substantial and serious risk of flight exists in this case.  The Court has no confidence that, even with home confinement and electronic monitoring, the defendant would not impulsively flee.

**WHEREFORE**, it is hereby

**ORDERED**, that the government's motion for detention is **GRANTED**, and it is

**ORDERED**, that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court

proceeding.

Dated: August 20, 2018
      Syracuse, NY

Therese Wiley Dancks
United States Magistrate Judge